## ARTHUR RUSSELL ET AL. *v.* THOMAS O'CONNOR AND COMPANY
### (14714)

O'Connell, Foti and Schaller, Js.

Submitted on briefs March 27—officially released July 30, 1996

*Richard B. Grabow*, for the appellants (plaintiffs).

*John B. Farley*, the appellee (defendant).

SCHALLER, J. The plaintiffs, Arthur Russell and Jeanne Russell, appeal from the order of the trial court granting summary judgment against them. They claim that the trial court improperly concluded that their complaint was not filed within the one year time period of General Statutes § 52-593. We reverse the judgment of the trial court.

The following facts and procedural history are undisputed. In 1989, the plaintiffs commenced an action against Natkin & Company (Natkin) for personal injuries sustained by the named plaintiff in the course of his employment at the Mid-Connecticut Resources Recovery Project. On June 24, 1992, Natkin filed a motion for summary judgment asserting that it had no responsibility for the plaintiffs' injuries. On October 23, 1992, the trial court signed an order granting Natkin's motion for summary judgment, stating that the "[p]laintiff presented no competent evidence that the defendant had any duty to the plaintiff."[1] On November 19, 1992, notice of the court's order granting summary judgment in favor of Natkin was sent to the parties.[2]

On November 13, 1993, the plaintiffs commenced the present action involving the same allegations of injury against the defendant pursuant to § 52-593, which provides in pertinent part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after termination

---

[1] The trial court's order was rendered in writing and not in open court.

[2] There is nothing in the record to indicate what happened to the order between October 23 and November 19, 1992.

of the original action. . . ." On November 16, 1993, service of process was made on the defendant.

On September 22, 1994, the defendant filed a motion for summary judgment against the plaintiffs. The defendant asserted that it was entitled to judgment as a matter of law "based on the plaintiff's service of his complaint on the defendant more than one year after the termination of a prior action as required by § 52-593." The defendant argued that the action against Natkin terminated on October 23, 1992, when the court signed the order granting summary judgment and that the plaintiffs' failure to effectuate service in the present action within one year of October 23, 1992, precluded the plaintiffs from bringing this action. The plaintiffs objected, arguing that pursuant to § 52-593, they had one year from the date that the clerk's office sent notice of the summary judgment in the original action to serve the defendant in this action. The plaintiffs assert, therefore, that they complied with § 52-593 by serving the defendant within one year of the termination of the original action.

The trial court found that "the date from which the one year period runs is the date the judge grants the motion. Therefore, pursuant to the clear and unambiguous language of the statute, the prior action was terminated on October 23, 1992. The last day for service of the new complaint on the defendant was October 23, 1993. The defendant was served on November 16, 1993, more than one year after termination of the prior action. Accordingly, the motion for summary judgment is granted."

We conclude that the one year period in which to file a new action under § 52-593 begins when notice is issued that the original action has been terminated. See Practice Book § 398. It is axiomatic that the right to bring a new action under § 52-593 assumes that the

party who is to exercise the right be given the opportunity to know that the original action has been terminated.[3] See *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals*, 195 Conn. 276, 281, 487 A.2d 559 (1985); *Habura* v. *Kochanowicz*, 40 Conn. App. 590, 592, 672 A.2d 512 (1996); *Noethe* v. *Noethe*, 18 Conn. App. 589, 595, 559 A.2d 1149 (1989). On November 19, 1992, notice was sent to the plaintiffs that their original action against Natkin was terminated. In the present action, the defendant was served on November 16, 1993, within one year from the date of notice that the original action was terminated.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[3] A notation by a clerk of the court in the court file, however, raises a presumption that notice was sent and received, absent a finding to the contrary. *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 423, 642 A.2d 9 (1994).