## MAX HENRIQUEZ *v.* JOSE F. ALLEGRE
## (AC 21527)

Foti, Flynn and Dupont, Js.

Submitted on briefs November 1, 2001—officially released February 19, 2002

*Nicholas W. Francis* filed a brief for the appellant (plaintiff).

*Nicholas C. Varunes* and *Anita M. Varunes* filed a brief for the appellee (defendant).

*Opinion*

FLYNN J. The plaintiff, Max Henriquez, appeals from the judgment of the trial court rendered following the

granting of the defendant's motion to dismiss. On appeal, the plaintiff claims that the court improperly concluded that his action, commenced pursuant to General Statutes § 52-592,[1] was untimely. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the appeal. In January, 1997, the plaintiff commenced a timely action against the defendant, Jose F. Allegre, for personal injuries allegedly sustained by the plaintiff in a January 23, 1995 motor vehicle accident.[2] In June, 1998, the trial court dismissed the plaintiff's action under its dormancy program for failure to prosecute with reasonable diligence.[3] According to the court, notice of the dismissal issued on June 19, 1998. In footnote 3 of its memorandum of decision, the court stated that "[t]he file of the court for the initial action, *Henriquez* v. *Allegre*, Docket No. 478660, judicial district of Hartford-New Britain at New Britain, indicates that the court issued notice on June 19, 1998."

We note that the record before us does not support the court's finding that notice issued on June 19, 1998.

[1] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

[2] When the plaintiff commenced the original action, his counsel was employed by Francis & Francis, P.C. While that action was pending, the plaintiff's counsel ended his employment with Francis & Francis, P.C. and began working for the Law Offices of Nicholas T. Kocian, LLC. The plaintiff's counsel claims that on October 17, 1997, he filed an appearance in lieu of his original appearance.

[3] The court dismissed the action pursuant to Practice Book § 14-3 (a), which provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to Section 11-1, or on its own motion, render a judgment dismissing the action with costs. . . ."

Instead, the record indicates that although judgment was rendered on June 19, 1998, notice was not issued to the defendant until August 25, 1998. Indeed, in the defendant's appellate brief, he states the following: "On or about June 19, 1998, the trial court entered a judgment of dismissal for failure to prosecute with reasonable diligence pursuant to Practice Book § 14-3. The court sent notice of the dismissal by court card dated August 25, 1998, informing counsel that a motion to open must be filed within four months of the date notice was sent pursuant to Practice Book § 17-4." In support of those facts, the defendant provides a copy of the August 25, 1998 notice in the appendix to his appellate brief, which states: "Please be advised that this court entered a judgment of dismissal in the above entitled action on 06/19/98 for failure to prosecute said action with reasonable diligence, ([Practice Book §] 14-3). Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a motion to open judgment of dismissal must be filed within four months succeeding the date on which notice was sent ([Practice Book §] 17-4)."

Nowhere in the record is there any indication that the court issued an earlier notice or, assuming that an earlier one was issued, why the court determined that a second issuance of notice was necessary almost two and one-half months after the court had rendered judgment. The defendant claims that his counsel received the notice on August 27, 1998, while the plaintiff claims that his counsel never received the notice. Unfortunately, we are unable to review the case file of the initial action because apparently it was destroyed pursuant to Practice Book § 7-10[4] sometime after the trial court

[4] Practice Book § 7-10 provides in relevant part: "The files in all civil . . . actions . . . which, before a final judgment has been rendered on the issues, have been terminated . . . by a judgment of dismissal or nonsuit when the issues have not been resolved on the merits or upon motion by any party or the court . . . may be destroyed upon the expiration of one year after such termination or the rendition of such judgment."

presumably reviewed it. In light of our holding that the date notice issued does not control in determining whether an action was timely brought pursuant to § 52-592, however, it makes no difference to our analysis whether notice of the dismissal issued on June 19, 1998, or August 25, 1998.

Subsequent to the June 19, 1998 dismissal, the parties continued to communicate regarding the matter, including proceeding with settlement negotiations. On July 14, 1999, the plaintiff filed a certificate of closed pleadings, which the court returned to the plaintiff with a notation that the action had been dismissed. On August 11, 1999, the plaintiff filed a motion to open the dismissal. For reasons not clear on the record, the court neither ruled on the motion nor held a hearing on the matter.

On July 21, 2000, the plaintiff commenced the present action against the defendant pursuant to § 52-592, the accidental failure of suit statute. The defendant filed a motion to dismiss the action on the ground that it was untimely because it was not filed within one year of the dismissal of the first action as required by § 52-592.[5] On December 12, 2000, the court granted the defendant's motion[6] and this appeal followed.

The plaintiff claims that the court improperly granted the defendant's motion to dismiss. Specifically, he argues that the court incorrectly concluded that his action under § 52-592 was untimely. We agree with the plaintiff.

---

[5] The defendant also sought to dismiss the action on the ground that it was "not properly brought pursuant to . . . General Statutes § 52-592."

[6] We note that although a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by General Statutes § 52-592, our Supreme Court has held that a trial court may properly consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss. *Capers* v. *Lee*, 239 Conn. 265, 269–70 n.9, 684 A.2d 696 (1996). In the present case, because the plaintiff did not object to the use of a motion to dismiss, the court properly decided the motion on the merits.

As a preliminary matter, we set forth the standard of review. "Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [granting] of the motion to dismiss will be de novo. . . .

"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Citations omitted; internal quotation marks omitted.) *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 314, 763 A.2d 1058 (2001).

An action brought pursuant to § 52-592 must be commenced "within one year after the determination of the original action . . . ." In the present case, the court determined that this limitation period begins to run "when the notice of dismissal is actually issued by the court." Applying this principle, the court concluded that the plaintiff's action under § 52-592 was untimely because it was commenced on July 21, 2000, more than one year after June 19, 1998, the date the court determined that notice of the dismissal of the original action was issued. The plaintiff claims that the court's conclusion is incorrect because it disregards the issue of when he actually received notice of the dismissal. He argues that his present action was timely because he commenced it within one year of his receiving notice of the dismissal. The plaintiff alleges that he first received notice that the court had dismissed the original action on July 26, 1999, when he received the return certificate of closed pleadings with the notation that the action had been dismissed. However, his counsel states in his

August 28, 2000 affidavit that July 29, 1999, was the date of actual notice.

In rendering its decision, the court, relying on *Morales* v. *Medina*, Superior Court, judicial district of Hartford, Docket No. 590718 (November 3, 1999), and *Russell* v. *Thomas O'Connor & Co.*, 42 Conn. App. 345, 347–48, 679 A.2d 420 (1996), rejected the plaintiff's argument that the date on which he actually received notice of the dismissal is relevant in the context of § 52-592.[7] Although *Morales* and *Russell* stand for the proposition that the one year period in which to file a new action under § 52-592 begins when notice is issued that the original action has been terminated, neither case can be read to hold that when a plaintiff receives notice is not relevant in the determination of whether an action under § 52-592 is timely.[8] Furthermore, we know of no case that addresses the issue of receipt of notice as it relates to § 52-592. Accordingly, this appeal appears to present an issue of first impression, that is, whether the failure of a plaintiff to receive timely notice of the dismissal of his original action extends the time within which the plaintiff may commence an action pursuant to § 52-592. We conclude that it does.

Section 52-592 "by its plain language, is designed to prevent a miscarriage of justice if the plaintiffs fail to

[7] In discussing the issue of notice, the court in this case cited *DiSimone* v. *Vitello*, 6 Conn. App. 390, 505 A.2d 745 (1986), using the introductory signal "but see," which means that, in the court's view, the cited authority directly states or clearly supports a proposition contrary to the court's proposition. In *DiSimone*, this court, in determining whether the defendant's motion to set aside the default judgment was timely, focused on when the defendant *actually received* notice of the default judgment.

[8] The primary issue in *Morales* and *Russell* was whether the statutory language, "one year after termination of the original action," as provided in General Statutes §§ 52-592 and 52-593, should be interpreted as meaning one year after the court issues notice of its decision or as meaning one year from the date of decision. Neither case addresses the issue of actual notice and, therefore, both cases are inapposite to the primary issue in the present case.

get a proper day in court due to the various enumerated procedural problems."[9] *Legassey* v. *Shulansky*, 28 Conn. App. 653, 659, 611 A.2d 930 (1992). It was adopted "to avoid hardships arising from an unbending enforcement of limitation statutes. . . . Its purpose is to aid the diligent suitor." (Citations omitted; internal quotation marks omitted.) *Rosario* v. *Hasak*, 50 Conn. App. 632, 637, 718 A.2d 505 (1998). Indeed, our Supreme Court has long held that § 52-592 "is remedial and is to be liberally interpreted." *Ross Realty Corp.* v. *Surkis*, 163 Conn. 388, 393, 311 A.2d 74 (1972). "Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." (Internal quotation marks omitted.) *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 733, 557 A.2d 116 (1989), quoting *Gaines* v. *New York*, 215 N.Y. 533, 539, 109 N.E. 594 (1915) (Cardozo, J.).

"It is axiomatic that the right to bring a new action under [§ 52-592] assumes that the party who is to exercise the right be given the opportunity to know that the original action has been terminated." *Russell* v. *Thomas O'Connor & Co.*, supra, 42 Conn. App. 347–48.[10] Our

---

[9] This precise point was made by Justice David M. Shea of our Supreme Court in his concurring opinion in *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, 207 Conn. 67, 75–76, 540 A.2d 59 (1988) (*Shea, J.*, concurring), in which he wrote: "Centuries ago the common law courts of England . . . insisted upon rigid adherence to the prescribed forms of action, resulting in the defeat of many suits for technical faults rather than upon their merits. Some of that ancient jurisprudence migrated to this country with the settlers and has affected the development of procedural law in this state. Beginning in the middle of the nineteenth century, however, our legislature enacted numerous procedural reforms applicable to ordinary civil actions that are designed to ameliorate the consequences of many deviations from the prescribed norm, which result largely from the fallibility of the legal profession, in order generally to provide errant parties with an opportunity for cases to be resolved on their merits rather than dismissed for some technical flaw."

[10] Although *Russell* addresses only General Statutes § 52-593, the purpose and language of General Statutes §§ 52-592 and 52-593 are closely analogous.

Supreme Court has stated that "[f]undamental tenets of due process . . . require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Internal quotation marks omitted.) *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d 857 (1979). Moreover, "[t]he guarantee of procedural due process requires that persons whose rights are to be affected have a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Langan* v. *Weeks*, 37 Conn. App. 105, 118, 655 A.2d 771 (1995).

We have adhered to these due process principles in our decisions regarding the commencement of the statutory four month period for opening judgments.[11] In those cases, we have held that the receipt of the notice, rather than its sending, triggers the four month period in question.[12] Similarly, our Supreme Court in

See *Martin* v. *Bristol Associates*, 22 Conn. App. 625, 626–27, 577 A.2d 1138 (1990) ("[b]oth statutes clearly require that the new action be commenced within one year after the determination or termination of the original action").

[11] General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered . . . and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable . . . ."

General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law . . . a civil judgment . . . may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered . . . ."

[12] In *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 642 A.2d 9 (1994), the trial court had dismissed the plaintiff's action pursuant to Practice Book § 251, now § 14-3, for failure to prosecute diligently. The action was dismissed on June 28, 1991, but the plaintiff did not file a motion to open the judgment until November 21, 1991. *Morelli* v. *Manpower, Inc.*, supra, 421. The court denied the motion, stating that it lacked jurisdiction because more than four months had elapsed between the date of the judgment and the motion to open. Id., 422. On appeal, we stated that "[i]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. . . . [A] notation [that the clerk's office has sent notice

*Kudlacz* v. *Lindberg Heat Treating Co.*, 250 Conn. 581, 590–91, 738 A.2d 135 (1999), held that "the ten day appeal period of [General Statutes] § 31-301 (a) is tolled when the aggrieved party establishes that, through no fault of his own, he did not receive notice of the [workers' compensation] commissioner's decision within ten days of the date that it was sent." The court stated that "[i]n light of the obvious unfairness inherent in depriving an aggrieved party of the right to appeal the commissioner's decision solely because of a failure of notice beyond that party's control, we will not lightly presume that the legislature intended such a result." Id., 588.

We see no reason to treat actions brought pursuant to § 52-592 any differently from these cases. Our construction merely requires that the applicable time

---

to all parties of record] raises a presumption that notice was sent and received in the absence of a finding to the contrary. . . . Because the presumption is rebuttable, it follows that the plaintiff is entitled to a hearing to have an opportunity to present such rebuttal evidence." (Citations omitted; internal quotation marks omitted.) Id., 423.

Also, in *Habura* v. *Kochanowicz*, 40 Conn. App. 590, 591–92, 672 A.2d 512 (1996), we held that where the defendants received notice of a judgment against them by way of a letter from the plaintiff's counsel that they received six months after the court rendered its judgment, the four month period began to run from the date that the defendants received the letter. In so holding, we stated that "[w]here the defendants have not received notice of the default judgment . . . the time within which they may move to set aside the judgment is extended by the delay in notification." Id., 592; see also *Tyler E. Lyman, Inc.* v. *Lodrini*, 63 Conn. App. 739, 747, 780 A.2d 932 ("[t]herefore, as we stated in *Habura*, because of the delay in Albert Lodrini's receiving notice of the default judgment, the time within which he could have moved to set aside the judgment was extended by the delay in notification"), cert. denied, 258 Conn. 902, 782 A.2d 137 (2001).

More recently, in *Handy* v. *Minwax Co.*, 46 Conn. App. 54, 56–59, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997), we held that where the plaintiff did not have actual or constructive notice of the judgment dismissing his action until he received a letter from the defendant's counsel almost fourteen months after the date of the judgment, the four month time period was triggered by the plaintiff's receipt of the letter. The motion to open the judgment, filed one week after receipt of the letter, was timely, and the court, therefore, had jurisdiction to open the judgment.

period to commence an action under § 52-592 be construed in a manner that is consistent with constitutional due process. "It is a fundamental rule that, if its language permits, a statute will be construed so as to render it constitutionally valid." *Grega* v. *Warden,* 178 Conn. 207, 210, 423 A.2d 873 (1979). We see nothing in § 52-592 that would preclude us from construing it so that a plaintiff who fails to receive timely notice of the dismissal of his original action is not barred from pursuing his action pursuant to § 52-592. Of course, the plaintiff still must commence his action under § 52-592 within one year after the date the court determines that he received notice of the dismissal. Moreover, our construction is in accord with our Supreme Court's longstanding and principled view that the policy of our law is "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Coppola* v. *Coppola,* 243 Conn. 657, 665, 707 A.2d 281 (1998).

In the present case, the court expressly concluded that the court issued notice of the dismissal on June 19, 1998.[13] However, it never made a finding with respect to when the plaintiff actually received notice of the dismissal.[14] While it is true, as the defendant claims, that the court's issuance of notice of the dismissal raises a presumption that the plaintiff received the notice, this presumption is rebuttable. See *Habura* v. *Kochanowicz,* 40 Conn. App. 590, 594, 672 A.2d 512 (1996) (" '[s]uch a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary' "). "Because the presumption is rebuttable, it follows that the plaintiff is entitled to a hearing to have an opportunity to present such rebuttal evidence."

---

[13] We reiterate that the finding as to the date that the court issued notice of the dismissal is at variance with the facts in the record before us.

[14] The court stated that "[t]he plaintiff *alleges* that he received actual notice of the dismissal on July 26, 1999." (Emphasis added.)

*Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 423, 642 A.2d 9 (1994). Due process requires that a hearing be held in which the plaintiff is provided an opportunity to present evidence and to cross-examine adverse witnesses with respect to his claim that he did not receive notice of the judgment of dismissal until July 26, 1999.[15] See id., 423–24.

The judgment is reversed and the case is remanded for further proceedings to determine when the plaintiff received either actual or constructive notice of the dismissal, and whether he commenced his action under § 52-592 within one year after the date the court determines that he received such notice.

In this opinion the other judges concurred.

---

[15] We also note that "[i]f a motion to dismiss turns on disputed issues of fact, an evidentiary hearing must be held to afford the parties an opportunity to present evidence and to cross-examine adverse witnesses." *Adolphson* v. *Weinstein*, 66 Conn. App. 591, 594 n.3, 785 A.2d 275 (2001), cert. denied, 259 Conn. 921, 792 A.2d 853 (2002). "The existence of actual or constructive notice is a question of fact properly within the province of the trial court." (Internal quotation marks omitted.) *Handy* v. *Minwax Co.*, 46 Conn. App. 54, 57, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997).