[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT STOP SHOP'S MOTION TO DISMISS AND/OR STRIKE #102
 I Procedural History
On June 26, 2000, the plaintiff, Barbara Pasinski, filed a one-count complaint sounding in negligence seeking damages for injuries sustained CT Page 7398 in an alleged slip and fall, which occurred on the premises of the defendant, Stop Shop Companies, Inc. (Stop Shop), on June 23, 1995. Pasinski brings this action pursuant General Statutes § 52-592, the accidental failure of suit statute. Stop Shop has moved to "dismiss and/or strike" the complaint on the ground that Pasinski's action cannot be saved by the accidental failure of suit statute.[1] In support of its motion, Stop Shop has filed a memorandum of law to which it has attached a number of exhibits.[2]
 II Discussion
"[A]lthough a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by General Statutes § 52-592,[3] our Supreme Court has held that a trial court may properly consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss." Henriguezv. Allegre, 68 Conn. App. 238, 241 n. 6, ___ A.2d ___ (2002), citingCapers v. Lee, 239 Conn. 265, 269-70 n. 9, 684 A.2d 696 (1996). In the present case, Pasinski has not objected to the use of a motion to dismiss to determine whether this action is saved by § 52-592 and, therefore, this court will address the merits of the motion.
Pasinski's complaint and the exhibits attached to Stop Shop's memorandum provide the following procedural history of this case, which is central to the determination of whether Pasinski's action can be brought under § 52-592. The original action was commenced by service of process on Charles Teleford, manager, on June 23, 1997, and on Mary Ellen Foran, CT Corporation System, Stop Shop's agent for service, on June 27, 1997. A judgment of dismissal was entered on June 19, 1998, pursuant to Practice Book § 14-3 for failure to prosecute the action with reasonable diligence. A motion to open the dismissal was filed within the four months provided by Practice Book § 17-4 for filing such motions. On November 18, 1998, the court, Dunnell, J., granted Pasinski's motion to open judgment and further ordered that a certificate of closed pleadings be filed within ten days. On June 18, 1999, a second judgment of dismissal was entered pursuant to Practice Book § 14-3
for failure to prosecute said action with reasonable diligence. Pasinski did not move to open the second judgment of dismissal within four months of receiving notice of the dismissal. Instead, she commenced this action within one year of the June 18, 1999 dismissal.
Stop Shop argues in its memorandum of law in support of its motion to dismiss that notwithstanding Pasinski's lack of compliance with the court order with respect to the first judgment of dismissal and her failure to CT Page 7399 move to reopen the second judgment of dismissal, Pasinski seeks to bring the present action under the accidental failure of suit statute. Stop 
Shop claims that "[t]his is not the action of a `diligent suitor' but is more properly characterized as an intentional abandonment of the case with gross disregard for the orders entered by the court when the original motion to open was granted." (Defendant's Memorandum p. 4).
In her memorandum of law in opposition to the motion to dismiss, Pasinski counters that the complaint "squarely falls within the purview of § 52-592 . . . [because] the original action was commenced within the time limited by law . . . failed one or more times to be tried on its merits due to a matter of form . . . [and she] has now commenced a new action for the same cause within one year after the determination of the original action." She argues further that the case "failed due to the absence of a single form." (Plaintiff's Memorandum p. 2).
The Supreme Court has noted "that § 52-592[4] does not authorize the reinitiation of all actions not tried on . . . their merits, only those that have failed for, among other reasons, any matter of form." (Internal quotation marks omitted.) Lacasse v. Burns, 214 Conn. 464,473, 572 A.2d 357 (1990). "In cases where [the court has] either stated or intimated that the `any matter of form' portion of § 52-592 would not be applicable to a subsequent action brought by a plaintiff, [the court has] concluded that the failure of the case to be tried on its merits had not resulted from accident or even simple negligence." Id.
"Disciplinary dismissals do not, in all cases, demonstrate the occurrence of misconduct so egregious as to bar recourse to §52-592. . . . [A] plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a `matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Ruddock v. Burrowes, 243 Conn. 569, 576-77,706 A.2d 967 (1998). Patterns of conduct, however, such as repeated dismissals for failure to prosecute and "continually running deadlines to their limits before filing motions to reopen or complying with court orders. . . . far surpasses mistake, inadvertence or excusable neglect." Gillum v. Yale University,62 Conn. App. 775, 783-84, 773 A.2d 986, cert. denied,256 Conn. 929, 776 A.2d 1146 (2001). "Section52-592 by its plain language, is designed to prevent a miscarriage of justice if the plaintiff's fail to get a proper day in court due to the various enumerated procedural problems. . . . Its purpose is to aid the diligent suitor." (Citations omitted; internal quotation marks omitted.) Henriquez v. Allegre, supra,68 Conn. App. 243-44. "Where . . . the hallmark of counsel's CT Page 7400 representation is a pattern of repeated delay, occasioning the utilization of judicial resources to enforce proper protection of cases brought before the court and necessitating several dismissals, our strong policy favoring a trial on the merits loses its applicability." Gillum v.Yale University, supra, 62 Conn. App. 787.
In Kugell v. Ardex Laboratories, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 00 158960 (December 1, 2000, Wiese,J.), this court addressed the identical issue that is before the court in the present case. In determining whether Pasinski's action, which had been dismissed pursuant to Practice Book § 14-3, was saved by §52-592, this court noted in Kugell that "the trial court must determine whether the party's diligence falls within the reasonable section of the diligence spectrum." (Internal quotation marks omitted.) Id.
As previously stated, Pasinski commenced her original action on June 23, 1997, the last day of the applicable statute of limitations. The record shows that the action was dismissed for failure to prosecute on June 19, 1998, nearly one year after it was commenced. A motion to open the June 19, 1998 dismissal, dated October 15, 1998, was filed four days before the statutory four month period had run. (Defendant's Exh. C.) This was granted on November 18, 1998, and an order was entered for a certificate of closed pleadings to be filed within ten days as a condition to granting the motion to reopen. (Defendant's Exh. D.) On June 25, 1999, more than one year after the motion to open was granted and the order to close the pleadings was entered, the case was again dismissed for failure to plead.
To explain the failure to comply with the court order, Pasinski offers an affidavit from her former attorney, stating that he remembered drafting the claim slip and mailing it to the court, but that he could not explain its absence from the file. "In such a situation, it [is] incumbent on the [plaintiff] to see that the condition [is] met or to call to the court's attention any circumstances that might prevent compliance." Freeman v. McCarthy, Superior Court, judicial district of New London at Norwich, Docket No. CV 01 118347 (January 18, 2001,Martin, J.). There is no indication in the record that this was done.
The record shows that Pasinski has engaged in a pattern of repeated delay and continued noncompliance with a court order. Pasinski has not produced evidence "showing that the prior dismissal was a `matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Ruddock v. Burrowes, supra, 243 Conn. 577; accord Kugell v.Ardex Laboratories, Inc., supra, Superior Court, Docket No. CV 00 158960. CT Page 7401
This court finds that the actions of Pasinski in the original action do not constitute "mistake, inadvertence or excusable neglect," nor fall within the reasonable section of the diligence spectrum that would permit Pasinski to proceed with a second cause of action pursuant to General Statutes § 52-592. Accordingly, Stop Shop's motion to dismiss is granted.
 III Conclusion
The defendant's motion to dismiss is granted.
By the Court
___________________________ J. Peter Emmett Wiese, Judge