[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 5, 1996, the plaintiffs, Dana Smith and Ella Smith, filed a two count complaint against the defendant, Alan Fredericksen, as a result of injuries allegedly sustained by the plaintiffs in an automobile accident on June 3, 1993.[1] Counts one and two allege negligence on the part of the defendant. Count one alleges injuries to Dana Smith; count two alleges injuries to Ella Smith.
On June 18, 2002, the defendant filed a motion for summary judgment on the plaintiffs' complaint. The defendant maintains that no genuine issues of material fact exist and that the plaintiffs' action is barred by the applicable statute of limitations for a negligence claim, General Statutes § 52-584. The defendant further claims that the plaintiffs do not meet the requirements for the accidental failure of suit statute, General Statutes § 52-592, because the plaintiffs' original action was not commenced within the time limited by law.
The defendant has filed memoranda in support of his motion for summary judgment, and the plaintiffs have filed a memorandum of law in opposition to the motion.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) LaFlamme v.Dallessio, 261 Conn. 247, 250, 802 A.2d 63 (2002). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v.New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts CT Page 16289 concerning the statute of limitations [are] not in dispute. . . ." Burnsv. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984).
In the present case, the defendant has moved for summary judgment first on the ground that the plaintiffs commenced the action after the applicable statute of limitations, General Statutes § 52-584, had passed. The defendant further argues that General Statutes § 52-592, the accidental failure of suit statute, cannot save the current suit because the original action was not timely commenced. In support of his motion, the defendant filed a memorandum of law pursuant to Practice Book § 11-10. The defendant has failed, however, to submit supporting documentary evidence that the court may consider in ruling on the motion. Pursuant to Practice Book § 17-45, "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like."
"As the party moving for summary judgment, the [movant] is required to support its motion with supporting documentation, including affidavits."Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 653 A.2d 122 (1995). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment."Great Country Bank v. Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997). The defendant has submitted memoranda setting forth the reasons he believes he is entitled to summary judgment. He has failed, however, to support his argument with documentary evidence demonstrating the absence of any genuine issue of material facts. Although the defendant mentions in his memorandum various affidavits relating to the service of process that were submitted in the original case, these affidavits were not made part of the present case; the defendant merely references them in his memorandum. Further, although the defendant offers reasons for the court's dismissal of the original case, his explanation is not supported with the documentation that is necessary for consideration on a motion for summary judgment. The defendant has failed to satisfy his burden as the movant. The defendant's motion for summary judgment is denied.
Although the defendant's motion for summary judgment is denied because he has failed to support his motion with sufficient documentation, it is further submitted that even if the court were to take the defendant's assertions as true, summary judgment should still be denied.
The accident giving rise to this suit occurred on June 3, 1993. The present action was commenced by service of process on January 20, 1996. General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or CT Page 16290 by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ." The statute of limitations on the plaintiffs' negligence claim has passed. Thus, the plaintiffs' claims are time-barred unless the accidental failure of suit statute, General Statutes § 52-592, is applicable.
General Statutes § 52-592 (a) provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action."
The defendant argues that because the plaintiffs' original action was dismissed for insufficient service of process,[2] that action was never actually "commenced" within the meaning of § 52-592. The defendant maintains that the plaintiffs therefore fail to satisfy the provisions of the accidental failure of suit statute. In opposition, the plaintiffs argue that the original action was timely commenced within the two year statute of limitations set forth in General Statutes § 52-584. The plaintiffs maintain that following dismissal of the original suit for insufficient service of process,[3] the present suit was brought pursuant to the accidental failure of suit statute.
"Section 52-592 by its plain language, is designed to prevent a miscarriage of justice if the plaintiffs fail to get a proper day in court due to the various enumerated procedural problems. . . . It was adopted to avoid hardships arising from an unbending enforcement of limitation statutes. . . . Its purpose is to aid the diligent suitor. . . . Indeed, our Supreme Court has long held that § 52-592 is remedial and is to be liberally interpreted. . . . Its broad and liberal purpose is not to be frittered away by any narrow construction. (Citations omitted; internal quotation marks omitted.) Henriquez v. Allegre,68 Conn. App. 238, 243-44, 789 A.2d 1142 (2002).
"In Connecticut, an action is commenced on the date of service of the writ upon the defendant." (Internal quotation marks omitted.) Hillman v.Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991). "The Superior [Court] [decisions] disagree with respect to what constitutes `commenced' for purposes of § 52-592. Several courts have found that an action is CT Page 16291 commenced on the date of service upon the defendant. . . . Other courts have found that [a]lthough the term `commenced' generally means the date at which valid service upon the defendant is perfected . . . as applied to the accidental failure of suit statute, `commenced' means the date when service, even if later, deemed insufficient, is attempted. These courts have rejected the argument that an action dismissed for insufficient service is never `commenced' for purposes of § 52-592." (Citations omitted; internal quotation marks omitted.) Crichton v.Noore, Superior Court, judicial district of Waterbury, Docket No. CV 000159031 (March 23, 2001, Doherty, J.).
This court has previously rejected the argument that an action dismissed for insufficient service of process is never "commenced" within the meaning of § 52-592. See Eastern Plastics, Inc. v. New EnglandOven Furnace Co., Superior Court, judicial district of New Haven, Docket No. CV 95 375538 (October 27, 1995, Zoarski, J.) (15 Conn.L.Rptr. 343, 344). "[Section] 52-592 (a) permits the filing of a new action within one year of the dismissal of the original action for insufficient service if the original action was timely filed." (Internal quotation marks omitted.) Id., 343. "If the court were to accept the argument of the [defendant], the practical effect [of accepting it] would be to bar [the] plaintiffs from pursuing a second action under the accidental failure statute whenever insufficient service occurs." (Internal quotation marks omitted.) Crichton v. Noore, supra, Superior Court, Docket No. CV 00 0159031. "In the context of an action brought pursuant to § 52-592, an action is commenced when service is attempted, not when service upon the defendant is perfected." Id.
Taking the facts in the light most favorable to the nonmovant, the plaintiffs did attempt to properly serve the defendant on June 2, 1995, which was within the applicable statute of limitations. The case was subsequently dismissed for improper service of process. The original action was "commenced" for purposes of § 52-592. Therefore, the defendant's motion for summary judgment is denied.
 ___________________ Howard F. Zoarski Judge Trial Referee