[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether the court should grant the defendants' motion to dismiss the plaintiffs' action for lack of subject matter jurisdiction. The plaintiffs have brought this suit on two prior occasions in slightly altered forms, the first resulting in a judgment of nonsuit and the second resulting in a judgment of dismissal which became final. It is the defendants' position that to allow the plaintiffs to bring the suit again would violate the principles of res judicata, and that the suit is time barred and cannot be resurrected under General Statutes § 52-592, the accidental failure of suit statute. The defendants also claim that one of the defendants, Dennis Kyle, is an improper party to this action because he no longer has title or interest in the property at issue.
According to the complaint, in 1998, the defendants, Dennis Kyle and Kathie Kyle, had a septic system installed on the property they owned behind their home on what is called lot 39. Most of the system was erroneously installed on lot 38 which was then owned by Mary Stefanko. In 1992, Dennis Kyle conveyed all of his interest in lot 39 and its appurtenances to Kathie Kyle by quitclaim deed. The plaintiffs, Kathryn Mathison, Robert Mathison, Thomas Stefanko, Carina Stefanko, John Stefanko, and Meadow Acres, Inc., are successors in interest to Mary Stefanko's interest in lot 38 by virtue of a deed recorded in 1990 in the Newtown land records.[1]
The plaintiffs first brought suit against the defendants on March 28, 1995, seeking an order of ejectment (Suit I). They claimed that the defendants trespassed on their property in 1988, and the trespass dispossessed them of their property and continued to do so by denying them the use and profits of the land. On June 20, 1995, Kathie Kyle filed a request to revise in which she requested that the plaintiffs revise the complaint to specifically describe the location and dimension of the area of their property where the defendant was allegedly trespassing. The plaintiffs did not file an objection and the request was thus CT Page 2760 automatically granted pursuant to Practice Book § 10-37. On October 17, 1995, the plaintiffs submitted a revised complaint that did not include the requested information. Kathie Kyle then filed a motion for nonsuit, and on November 29, 1995, the court granted the motion and ordered the plaintiffs to comply by January 30, 1996, or nonsuit would enter. The plaintiffs never complied with the order. Accordingly, a judgment of nonsuit was entered on January 30, 1996. The plaintiffs did not move to set aside the nonsuit under Practice Book § 17-43, or to open or set aside the nonsuit under General Statutes § 52-21 (a).
On August 20, 1996, the plaintiffs filed a second lawsuit substantially similar to the first once again seeking ejectment (Suit II). Suit II was brought pursuant to General Statutes § 52-592 (a), the accidental failure of suit statute, and was commenced within one year of the nonsuit of suit I. Kathie Kyle moved to dismiss suit II on September 9, 1996, on the ground of lack of subject matter jurisdiction pursuant to the prior pending action doctrine. The court denied this motion because suit I was never decided on the merits. Kathie Kyle then filed a request to revise seeking the same revisions to the complaint that she sought in suit I. The plaintiffs did not object or respond, and the case was scheduled for dormancy dismissal on June 20, 1997 pursuant to Practice Book §14-3. The plaintiffs again failed to respond and the court dismissed suit II on June 20, 1997. The plaintiffs moved to reopen the judgment of dismissal pursuant to Practice Book § 17-43 on September 30, 1997. Kathie Kyle objected and on November 21, 1997, the court denied the motion. No motion for reargument or appeal was filed by the plaintiffs.
The plaintiffs then waited over four years before they commenced the suit which is now before the court on August 19, 2002 (Suit III). This suit again is substantially similar to suit I and suit II and also seeks an order of ejectment. The only difference is the plaintiffs have added Dennis Kyle as a defendant and omitted the words "quiet title."
The defendants' first argument in their motion to dismiss is that the case has already been heard and therefore is barred by the principles of res judicata. The court will make no determination as to the merits of the claim but instead finds that a motion to dismiss is the improper procedural vehicle with which to raise the defense of res judicata. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Blumenthal v. Barnes, 261 Conn. 434,442, 804 A.2d 152 (2002). "Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed." Labbe v. Pension Commission, CT Page 2761229 Conn. 801, 816, 643 A.2d 1268 (1994). Accordingly, "[r]es judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question. It merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense . . . It may not be raised by a motion to dismiss." (Citation omitted.) Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985).
The defendants also claim that the plaintiffs' claims are barred by limitations and they cannot use the savings provision of § 52-592, because the statute requires the action to be brought within one year of the date the previous suit failed, and in this case, the suit was brought four years later. While this claim may be true, the court will not decide it on its merits because the motion to dismiss is the improper procedural vehicle for such a claim. "[A]lthough a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by General Statutes § 52-592, our Supreme Court has held that a trial court may properly consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss."Henriquez v. Allegre, 68 Conn. App. 238, 241 n. 6, 789 A.2d 1142 (2002). Here the plaintiffs have objected to the defendants' use of a motion to dismiss for this purpose therefore the court will not consider the argument.
The defendants also claim that Dennis Kyle had no interest in the property and therefore is an improper party. The motion to dismiss is the improper procedural vehicle for asserting this claim. "Naming an improper person as a party in a legal action constitutes misjoinder . . . The exclusive remedy for misjoinder of parties is by motion to strike." (Citations omitted.) Zanoni v. Hudon, 42 Conn. App. 70, 73, 678 A.2d 12
(1996). Practice Book § 11-3 expressly provides in relevant part: "The exclusive remedy for misjoinder of parties is by motion to strike."
For the foregoing reasons, the court denies the defendants' motion to dismiss.
Comerford, J.