******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BISHOP, J., dissenting. In assessing the viability of a complaint, the focus of the court must be on the allegations actually set forth in the complaint, and not on unstated allegations that the court believes the complaint should have made. In this task, the court is instructed to "construe pleadings broadly and realistically"; (internal quotation marks omitted) *Stotler* v. *Dept. of Transportation*, 142 Conn. App. 826, 839, 70 A.3d 114 (2013), aff'd, 313 Conn. 158, 96 A.3d 527 (2014); and to "consider the allegations set forth in the complaint as well as those facts necessarily implied from them, construing them in favor of the pleader." Id. Further, in addition to admitting all facts well pleaded, the motion to dismiss "invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002). Not only must the court construe the facts in favor of the pleader, but also "every presumption favoring jurisdiction should be indulged"; (internal quotation marks omitted) *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999); and "[e]ssential allegations may not be supplied by conjecture or remote implication . . . ." (Internal quotation marks omitted.) *Stotler* v. *Dept. of Transportation*, supra, 839. The way a plaintiff characterizes its claims, therefore, should be given great deference by the court as it construes a complaint for purposes of a motion to dismiss.

Here, though, the trial court took a different tack and, in my view, the majority on review, has followed this errant path. Rather than assessing the complaint as made, the court determined what the complaint properly *should* have alleged and what claim the plaintiff *should* have made, and then dismissed the complaint, finding that the Probate Court, not the Superior Court, has jurisdiction over the claim not made. In following this path, the trial court and the majority have paid no more than lip service to the well-worn guidance regarding the court's role in construing a complaint.

Specifically, the trial court construed the complaint essentially as a collection action for services provided to a decedent. The court stated: "[A] fair reading of the complaint is that the plaintiff is seeking to recover for a personal obligation of [the defendant's husband, the decedent], who is now deceased." Having done so, the court then concluded that such a claim should have been brought against the decedent's estate, if one exists, and that, in any case, a claim of such nature as the court divined is required, by statute, to be filed in the Probate Court.[1] In reaching this conclusion, the court misread the complaint. It is also clear to me that the court, contrary to the dictates of the law, did not con-

strue the facts in the light most favorable to the plaintiff or indulge every presumption in favor of jurisdiction. See *Stotler* v. *Dept. of Transportation*, supra, 142 Conn. App. 832; *Amodio* v. *Amodio*, supra, 247 Conn. 728. By any fair reading, the complaint is not a collection action for health care services rendered. Rather, it is a claim against the person who is alleged to have received payment for those services and who, the complaint alleges, wrongfully retained those proceeds.

In count one of the complaint, the plaintiff alleges conversion and asserts that it provided health care services to the decedent, who had health care insurance to cover the cost of this care, and that the plaintiff submitted a bill for its services to the insurer, which, in turn, issued payment in the requested amount to the defendant, the decedent's widow. The complaint further asserts that while the defendant initially issued a check in the same amount to the plaintiff, the check was returned for insufficient funds, and, thereafter, despite the plaintiff's request, the defendant has not issued another check or forwarded the funds to the plaintiff. The complaint further alleges that the money retained by the defendant "*belonged to or should have been possessed by the plaintiff.*" (Emphasis added.) As a consequence, count one of the complaint asserts that "[t]he plaintiff has been damaged and the defendant is liable for any conversion of funds." In count two of the complaint, the plaintiff alleges unjust enrichment and incorporates the factual basis from count one. The plaintiff further alleges in count two that as a consequence of the defendant's actions, the defendant "received the benefit of the proceeds" and was "unjustly enriched in the amount of $34,200" and that the plaintiff "has been harmed."

Importantly, nowhere in the complaint has the plaintiff claimed that the defendant acted in concert with or on behalf of the decedent; nowhere in the complaint has the plaintiff alleged that the *decedent or his representative* has failed to make payment for its services. Instead, it appears that such claims, not made, were imported into the complaint by the trial court, thus converting it into a collection action over which, the court concluded, it had no jurisdiction. Interpreting the complaint broadly and realistically, as is required, the crux of the plaintiff's argument is that it was entitled to $34,200 that the *defendant* has wrongfully retained and withheld from the plaintiff. In coming to a contrary interpretation, the trial court overstepped the reasonable bounds of the construction of pleadings. As this court has previously stated, in this task, "[t]he complaint must be read in its entirety in such a way as to give effect to the pleadings with reference to the general theory upon which it proceeded, and to substantial justice between the parties. . . . Our reading of pleadings in a manner that advances substantial justice means that a pleading must be construed reasonably, to contain

all that it fairly means, but carries with it the related proposition that it must not be contorted in such a way so as to strain the bounds of rational comprehension. . . .'' (Internal quotation marks omitted.) *Stotler* v. *Dept. of Transportation*, supra, 142 Conn. App. 839. In the case at hand, the court, and the majority on review, took the opposite tack by construing the complaint in a manner that contorted its clear import and that results in a substantial injustice to the plaintiff.[2]

To be sure, there may be issues whether the complaint adequately sets forth a cause of action for conversion or for unjust enrichment, but the question of the legal sufficiency of the complaint is not before the court. The defendant's motion to dismiss is premised on the court's lack of subject matter jurisdiction and not the adequacy of the allegations and claims set forth in the complaint. If the defendant perceives that the complaint does not adequately set forth allegations that, if proven, constitute conversion and unjust enrichment, or either of them, the defendant may seek to attack the complaint's claimed insufficiency through the vehicle of a motion to strike. Practice Book § 10-39 (a). If such a motion were to be granted, the plaintiff would then have the option of attempting to restate its cause with appropriate allegations. Practice Book § 10-44. In the case at hand, however, the plaintiff's cause has been ousted from court, leaving the plaintiff with no reasonable recourse against the defendant with the consequence that the defendant may be in possession of funds that rightly belong to the plaintiff and which she may now retain against law and justice.

Since, unlike my colleagues in the majority, I believe the trial court erroneously dismissed the complaint, I would reverse the judgment of dismissal and remand the matter to the trial court with direction that the motion to dismiss be denied and for further proceedings as appropriate.

Accordingly, I respectfully dissent.[3]

[1] Indeed, in a long footnote, the majority sets forth the basic jurisprudence that claims against the estates must be filed in Probate Court. See footnote 6 of the majority opinion. While I agree, in the main, with this proposition, it is wide of the mark, as the action we review is not a claim against a decedent or an estate and does not involve the settlement of an estate, which, in this case, does not even exist. Rather, quite simply, it is a claim against a third party, alleging that the third party has received and wrongfully retains funds that belong to the plaintiff. Thus, because this is not a claim against an estate, it does not properly lie within the Probate Court's jurisdiction, and all the language in footnote 6 of the majority regarding the jurisdiction of the Probate Court is not germane to the issue at hand. The balance of footnote 6 refers to a 1915 Connecticut Supreme Court case, *Slattery* v. *Woodin*, 90 Conn. 48, 96 A. 178 (1915), in which the issue was whether a party who appeals from a decision of the Probate Court is constitutionally entitled to a trial by jury in the Superior Court that is now sitting as a Probate Court on appeal. The court answers that question in the negative, distinguishing probate matters from civil actions to which the constitutional right attaches. Finally, footnote 6 contains an unsupported implication that the complaint is somehow a "creative pleading," the utilization of which the majority believes violates an unstated legislative policy. If, in a health care provider's action against a person who possesses and retains funds that are allegedly the property of the plaintiff, such a claim somehow violates

a policy against "creative pleading," if such a policy even exists, I invite the majority to inform the reader of the nature of the policy thus violated and to provide support for such an assertion.

[2] The import of the trial court's decision is that in order for the plaintiff to seek the funds to which it claims an entitlement, the plaintiff must bring an action against the estate even though there is no claim that the estate is in possession of the funds. Because the record reflects that no estate exists, this task would require the plaintiff to first seek the creation of an estate in the Probate Court and then to bring a claim against the estate in the Probate Court, regardless of whether it is solvent, with the apparent notion that the estate would then seek reimbursement from the defendant, who presumably holds funds that properly belong to the estate. Neither justice nor the dictates of proper pleading construction suggest the necessity of such a fool's errand.

[3] Because I would remand the matter to the trial court with direction to deny the motion to dismiss, there is no need for me to respond to the plaintiff's second claim on appeal that the trial court declined to afford the plaintiff an evidentiary hearing on the defendant's motion to dismiss.