JAMES O'HALLORAN *v.* CHARLOTTE HUNGERFORD
HOSPITAL ET AL.
(AC 19641)
(AC 20122)

Landau, Spear and Daly, Js.

Argued January 11—officially released May 15, 2001

*Philip S. Walker*, with whom, on the brief, was *Maxwell Branson*, for the appellant (plaintiff).

*Jeffrey R. Babbin*, for the appellees (defendants).

### Opinion

LANDAU, J. In this consolidated appeal, the plaintiff, James O'Halloran, appeals from the judgments of the trial courts dismissing related actions[1] for lack of subject matter jurisdiction. In his appeal in the first case (*O'Halloran I*), the plaintiff claims that the trial court improperly granted the defendants' motion to dismiss for lack of subject matter jurisdiction. In his appeal in the second case (*O'Halloran II*), the plaintiff claims that the court improperly granted the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to the prior pending action doctrine. We agree with the plaintiff's claims as to *O'Halloran I* and reverse the judgment of the trial court in that matter.

The following facts are necessary for our resolution of the plaintiff's claims. The plaintiff is a physician licensed in this state and an active member of the medical staff at the defendant Charlotte Hungerford Hospital (hospital). On January 12, 1999, the individual defen-

---

[1] On February 26, 1999, the plaintiff brought an action (*O'Halloran I*) against the defendants, Charlotte Hungerford Hospital and physicians Vasudeva Shenoi, Richard Dutton, Peter Bull and William Coll, seeking injunctive relief and damages. On May 14, 1999, the trial court dismissed *O'Halloran I* on the ground that it lacked subject matter jurisdiction in that (1) the plaintiff had failed to exhaust his administrative remedies and (2) the plaintiff's claims were nonjusticiable.

On May 28, 1999, the plaintiff brought a second action (*O'Halloran II*) against the same defendants. The trial court, subsequently dismissed *O'Halloran II* on the ground that the claims asserted were virtually identical to those in *O'Halloran I* and were barred under the prior pending action doctrine.

dants[2] recommended a change in the plaintiff's category of appointment at the hospital from active to consulting. Pursuant to the procedures set forth in the hospital's bylaws, the plaintiff gave formal notice of his intent to appeal and, on April 7, 1999, requested a hearing. The plaintiff retained his active appointment status and clinical privileges during the pendency of the administrative appeal. At the time that *O'Halloran I* was decided, the defendants claimed that the plaintiff had not exhausted his administrative remedies available under the bylaws of the hospital. The defendants thus filed a motion to dismiss *O'Halloran I* for lack of subject matter jurisdiction. The court concluded that it did not have subject matter jurisdiction over the *O'Halloran I* action on two grounds. First, the plaintiff had not exhausted his administrative remedies. Second, because the plaintiff had not yet been deprived of his appointment status or clinical privileges, he had not suffered any injury and, therefore, his claims were nonjusticiable. Accordingly, the court granted the defendants' motion to dismiss for lack of subject matter jurisdiction. Other facts will be discussed where relevant.

The plaintiff claims that the court improperly granted the defendants' motion to dismiss *O'Halloran I* for lack of subject matter jurisdiction. Our standard of review of a ruling on a motion to dismiss is well established. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine

[2] See footnote 1.

requires dismissal of the [plaintiff's] claim. . . . We first note that, because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citations omitted; internal quotation marks omitted.) *Hyllen-Davey* v. *Plan & Zoning Commission*, 57 Conn. App. 589, 592, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).

In our review of the plaintiff's claim, we must evaluate the allegations in the complaint. "The interpretation of pleadings is always a question of law for the court. . . . In addition, [t]he allegations of the complaint must be given such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. . . . *Jacques All Trades Corp.* v. *Brown*, 33 Conn. App. 294, 302, 635 A.2d 839 (1993). It is axiomatic that the parties are bound by their pleadings. . . . *Geren* v. *Board of Education*, 36 Conn. App. 282, 289, 650 A.2d 616 (1994), cert. denied, 232 Conn. 907, 653 A.2d 194 (1995). . . . *Kunst* v. *Vitale*, 42 Conn. App. 528, 532, 680 A.2d 339 (1996)." (Internal quotation marks omitted.) *Baldwin* v. *Jablecki*, 52 Conn. App. 379, 381–82, 726 A.2d 1164 (1999).

I

The plaintiff first claims that the court improperly dismissed *O'Halloran I* on the ground that he failed to exhaust his administrative remedies. More specifically, the plaintiff claims that he was not required to exhaust his administrative remedies because he was seeking remedies unavailable to him via the administrative process. We agree.

Pursuant to our standard of review, we take as true the following facts alleged in the complaint in *O'Halloran I*. *Hyllen-Davey* v. *Plan & Zoning Commission*, supra, 57 Conn. App. 592. The plaintiff is a physician licensed in this state, he maintains an office for the

practice of medicine and is a member of the active medical staff of the hospital. In the years prior to the commencement of *O'Halloran I*, the individual defendants consistently and continuously treated the plaintiff differently than other similarly situated physicians at the hospital. The individual defendants acted in a concerted and calculated attempt to drive him from the active staff at the hospital. As a result of the individual defendants' actions, the plaintiff suffered damages in the form of lost opportunities to treat his own patients, to attract new patients and to obtain referral patients from other physicians.[3]

The following additional facts are necessary for our resolution of this claim. The court's conclusion to dismiss the action on the ground of exhaustion was based, in large part, on its categorization of the plaintiff's action as one that merely challenged the reappointment process of the defendants. In support of its conclusion, the court noted that the hospital's bylaws set forth fairly comprehensive procedures for the reappointment process and for the hearing and appellate procedures for adverse reappointment recommendations. A review of the plaintiff's complaint reveals, however, that he challenged allegedly tortious conduct on the part of the defendants unrelated to the reappointment process and that he sought compensation for financial damage caused by injury to his reputation and standing. The hospital's bylaws do not provide a means for the plaintiff to receive redress for the type of injury alleged.

"An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." (Internal quotation marks

---

[3] The plaintiff also sought equitable relief from the defendants' attempt to reduce his appointment status without a hearing. The defendants subsequently agreed to allow the plaintiff to keep his status as an active appointment during the pendency of the administrative appeal, and the claim for equitable relief became moot.

omitted.) *Bianco* v. *Darien*, 157 Conn. 548, 554–55, 254 A.2d 898 (1969). Moreover, the doctrine of exhaustion of remedies does not apply in situations where pursuit of the administrative remedy would be useless. *Maresca* v. *Ridgefield*, 35 Conn. App. 769, 773, 647 A.2d 751 (1994). Here, the plaintiff did not have an adequate remedy at law available through the hospital's administrative process. Accordingly, the court improperly dismissed the plaintiff's action for failure to exhaust administrative remedies.

## II

The plaintiff next claims that the court improperly dismissed *O'Halloran I* on the ground that the claims therein were nonjusticiable. We agree.

A review of the court's memorandum of decision indicates that the court based its decision to dismiss the plaintiff's action as nonjusticiable on (1) its miscategorization of the nature of the plaintiff's action[4] and (2) its finding that the plaintiff's appointment status had not changed.

"The principles that underlie justiciability are well established. 'Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant.' . . . *State* v. *Nardini*, 187 Conn. 109, 111–12, 445 A.2d 304 (1982); *Pellegrino* v. *O'Neill*, 193 Conn. 670, 674, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d

---

[4] As discussed in part I of this opinion, the court miscategorized the plaintiff's action as one challenging the reappointment process of the defendants. On the basis of our review of the plaintiff's complaint, we conclude that he was actually seeking compensation for financial damage caused by tortious injury to his reputation and standing.

176 (1984)." *Nielsen* v. *State*, 236 Conn. 1, 6–7, 670 A.2d 1288 (1996). "The requirements of justiciability and controversy are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. . . . As long as there is some direct injury for which the plaintiff seeks redress, the injury that is alleged need not be great." (Citation omitted; internal quotation marks omitted.) *Gay & Lesbian Law Students Assn.* v. *Board of Trustees*, 236 Conn. 453, 463–64, 673 A.2d 484 (1996).

It is apparent from a reading of the complaint in *O'Halloran I* that the plaintiff sought compensation for financial damage caused by tortious injury to his reputation and standing. The requirements of justiciability are, therefore, satisfied. Accordingly, the court improperly dismissed the action on the ground that the claims were nonjusticiable.

The judgment in the first case, *O'Halloran I*, is reversed and the case is remanded for further proceedings consistent with this opinion. The judgment in the second case, *O'Halloran II*, is affirmed.[5]

In this opinion the other judges concurred.

---

[5] In his brief, the plaintiff asserts that the complaint in *O'Halloran II* merely reasserted the damages claims improperly dismissed in *O'Halloran I*. Because we reverse the court's judgment in *O'Halloran I*, we need not address the claims raised in *O'Halloran II*, but we affirm the judgment.