KENNETH B. ADOLPHSON v. NORMAN WEINSTEIN, COADMINISTRATOR (ESTATE OF LOUISE R. RIBAK), ET AL. (AC 20862)

Lavery, C. J., and Spear and Shea, Js.

Argued May 2—officially released October 30, 2001

*Paul A. Sobel*, for the appellant (plaintiff).

*Vincent M. Marino*, for the appellees (named defendant et al.)

*William J. Neary*, with whom, on the brief, was *Anthony P. Copertino, Jr.*, for the appellee (defendant Barbara Bensing).

*Opinion*

SPEAR, J. The plaintiff, Kenneth B. Adolphson, appeals from the judgment of the trial court dismissing his appeal from an order of the Probate Court approving the sale of real property that was part of a decedent's estate. The principle issue on appeal is whether the plaintiff was aggrieved by, and therefore has standing to appeal from, the Probate Court's decision approving the sale of the property to another bidder. We affirm the judgment of the trial court.

The following facts are undisputed. The defendants Norman Weinstein and Lauren Friedman, administra-

tors of the estate of Louise R. Ribak, obtained approval from the Probate Court for the district of Trumbull to employ a sealed bidding procedure for the sale of property at 97 Canoe Brook Road in Trumbull. On August 24, 1999, Weinstein and Friedman sent a letter informing all persons who had expressed an interest in purchasing the property that bids should be submitted by September 2, 1999.[1] The plaintiff submitted a sealed bid in the amount of $350,000 with the required deposit on September 1, 1999. That same day, the defendant Barbara Bensing submitted a sealed bid of $364,584 with the required deposit. The sealed bids were opened on September 3, 1999, and Weinstein and Friedman accepted Bensing's higher bid. Thereafter, Bensing and Weinstein and Friedman entered into a contract for the sale of the property.

On November 1, 1999, the Probate Court held a hearing pursuant to General Statutes § 45a-164 on the application by Weinstein and Friedman for permission to sell and convey the property to Bensing. The plaintiff appeared at the hearing, attempted to submit a higher bid in the amount of $370,000 and requested that the Probate Court order that the property be sold to him. The plaintiff's offer was accompanied by a contract containing his signature, a deposit in the form of a $75,000 cashier's check and a copy of an additional cashier's check in the amount of the balance of the $370,000.[2] The Probate Court nonetheless granted the

---

[1] The letter stated, among other things, that all bids would be opened at noon on September 3, 1999, that the accepted offer and contract to sell would be contingent on the Probate Court's approval and that Weinstein and Friedman reserved the right to reject any bid received, although the "highest and best offer will be the main criteria."

[2] In a letter to the Probate Court, the plaintiff requested that the court order a private sale to him on the basis of his offer, instead of selling the property to Bensing at a lower price, and that, as part of his offer, he reserved the right to increase his price if any offer against which he was competing was increased.

application by Weinstein and Friedman requesting that the property be sold to Bensing for $364,584, having found that granting the application would be in the best interests of the parties in interest.

The plaintiff appealed from the order to the trial court, and Bensing filed a motion to dismiss the appeal. The court granted Bensing's motion, noting that one who bids on the property of an estate has no interest in the property itself, although such a person does have an interest insofar as the bidding procedure must comply with principles of due process. The court concluded that the plaintiff had not alleged that the bidding procedure denied him due process and dismissed his appeal for lack of aggrievement. This appeal followed.

"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court. . . . If a motion to dismiss is granted, the case is terminated, save for an appeal of that ruling." (Citation omitted; emphasis in original.) *Baskin's Appeal from Probate*, 194 Conn. 635, 640, 484 A.2d 934 (1984).

The plaintiff claims that he was denied due process because the Probate Court did not hold a public hearing, or provide notice of such hearing, for the purpose of discussing whether the property would be sold and, if so, how the proposed bidding process would be conducted.[3] He maintains that he was entitled to know, in

---

[3] The plaintiff also claims that the court improperly relied on affidavits that Benson filed in support of her motion to dismiss, when it should have ordered an evidentiary hearing to resolve the disputed facts.

Affidavits are insufficient to determine factual issues raised on a motion to dismiss "unless . . . they disclose that no genuine issue as to a material fact exists." (Internal quotation marks omitted.) *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983). If a motion to dismiss turns on disputed issues of fact, an evidentiary hearing must be held to afford the parties an opportunity to present evidence and to cross-examine adverse witnesses. *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 315, 763 A.2d 1058 (2001).

advance of the bid solicitation letter, that the bidding procedure employed by Weinstein and Friedman had been approved by the Probate Court. He thus alleges aggrievement because the Probate Court failed to comply with General Statutes §§ 45a-164 (a) and 45a-166 (a) in establishing the bidding procedure. We disagree.

We begin by noting that the "right to appeal from the decision of a Probate Court is statutorily conferred by [General Statutes § 45a-186, and] the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal." *Merrimac Associates, Inc.* v. *DiSesa*, 180 Conn. 511, 513, 429 A.2d 967 (1980). Any determination regarding a trial court's subject matter jurisdiction is a question of law and our review, therefore, is plenary. *O'Halloran* v. *Charlotte Hungerford Hospital*, 63 Conn. App. 460, 463, 776 A.2d 514 (2001).

General Statutes § 45a-186 (a) provides: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court in accordance with subsection (b) of this section. Except in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the Superior Court or a bond substantially in accordance with the bond provided for appeals to the Supreme Court. Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo."

In his appellate brief, however, the plaintiff admits all of the facts alleged in those affidavits. In light of that admission, which resolves any disputed issues of fact that may have existed in this case, the plaintiff cannot prevail on his claim.

Aggrievement requires only the existence of a cause of action on which a party's plea for relief may rest. *Baskin's Appeal from Probate,* supra, 194 Conn. 638. The concept of aggrievement turns on whether there is a possibility, as distinguished from a certainty, that the Probate Court's order or decree has adversely affected some legally protected interest that the appellant has in the subject matter of the decree or order or in the estate. Id.

Our courts have considered the circumstances under which an unsuccessful bidder on the property of an estate may be considered aggrieved under § 45a-186 (a) and have held that a bidder on the property of an estate offered for sale has no interest in the property itself. See *Merrimac Associates, Inc.* v. *DiSesa,* supra, 180 Conn. 517–18. Significantly, however, a bidder does have an interest in the proceedings employed by the court to approve the sale. Id. In *DiSesa,* for example, a plaintiff was deemed aggrieved when he was invited to attend a hearing on the sale of real property, submitted the highest bid and was granted a continuance to engage in further negotiations, but the Probate Court rescheduled the continued hearing for an earlier time without notice to the plaintiff and then approved the sale of the property to another bidder. Our Supreme Court stated that "[t]he decision to continue the hearing was based upon a mutual and explicit understanding of court and counsel and conferred upon the plaintiff the right to appear at the hearing at the time agreed upon, unless notified to the contrary." Id., 519. In *Bishop* v. *Bordonaro,* 20 Conn. App. 58, 563 A.2d 1049 (1989), the plaintiffs also were deemed aggrieved when they executed a contract with a seller of real property, but the Probate Court ordered that the property be sold to an intervening party who appeared at the subsequent hearing on the application to sell and offered a higher price. Id., 60–61.

The circumstances here are completely different from those in *DiSesa* and *Bishop* because the plaintiff had no legal status vis-a-vis the property. He merely submitted a second offer to buy the property after the bidding deadline had passed. Indeed, the plaintiffs in *Bishop* held a position corresponding to that of Bensing in the present case. Moreover, under the plain language of the relevant statutory provisions, § 45a-164 (a)[4] and 45a-166 (a),[5] the Probate Court is not required to hold a public hearing to give potential bidders an opportunity to comment on the bidding procedure itself. Accordingly, the plaintiff cannot make a colorable claim that he was denied due process by virtue of the fact that the Probate Court did not hold a public hearing on the bidding procedure. We therefore conclude that the probate decree approving the sale of the property did not adversely affect a legal interest of the plaintiff and that he cannot be deemed aggrieved under § 45a-186 (a).

The plaintiff argues pursuant to *Baskin's Appeal from Probate,* supra, 194 Conn. 635, that if he had been given

[4] General Statutes § 45a-164 (a) provides: "Upon the written application of the conservator of the estate of any person, guardian of the estate of any minor, temporary administrator, administrator or trustee appointed by the court, including a trustee of a missing person, or the executor or trustee under any will admitted to probate by the court, after such notice as the court may order and after hearing, the court may authorize the sale or mortgage of the whole or any part of, or any easement or other interest in, any real property in this state of such person, minor, missing person, deceased person or trustee, or of any real property the legal title to which has been acquired by such temporary administrator, administrator, executor or trustee, if the court finds it would be for the best interests of the parties in interest to grant the application."

[5] General Statutes § 45a-166 (a) provides: "The Court of Probate in ordering a sale under the provisions of sections 45a-164 to 45a-169, inclusive, and 45a-128 shall direct whether the sale shall be public or private. If a public sale is directed, the court shall direct the notice thereof which shall be given. If a private sale is directed, the court may, if it appears to be for the best interests of the estate, determine the price and the terms of the sale, including purchase money mortgage or mortgages, as it considers reasonable and advisable."

the opportunity to amend his pleading to state a proper cause of action, the court could not have dismissed his appeal. In *Baskin's Appeal from Probate*, the Superior Court dismissed the plaintiff's appeal from a probate decree for lack of aggrievement, but, on appeal, our Supreme Court noted that one of the claims that the plaintiff had raised before the Probate Court had not been included in his appeal documents. The court concluded that "[t]his possibility [made] erroneous the dismissal of the plaintiff's appeal even though [the disputed claim was not] originally presented in his reasons of appeal"; id., 640; because the plaintiff could have amended his pleading to include the ground of possible aggrievement.

Here, unlike the situation in *Baskin's Appeal from Probate*, there is nothing in the record to support the conclusion that if the plaintiff were provided with an opportunity to replead, he could, as a matter of law and fact, amend his appeal to support a viable cause of action. See *Doyle* v. *Reardon*, 11 Conn. App. 297, 305–308, 527 A.2d 260 (1987).

The judgment is affirmed.

In this opinion the other judges concurred.