******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HARBORSIDE CONNECTICUT LIMITED
PARTNERSHIP *v.* ARLENE WITTE
(AC 38212)

Lavine, Prescott and Bishop, Js.

*Argued October 25—officially released December 27, 2016*

(Appeal from Superior Court, judicial district of New
Haven, B. Fischer, J.)

*Anne Jasorkowski*, with whom, on the brief, was
*Angelo Maragos*, for the appellant (plaintiff).

*Miguel A. Almodóvar*, for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, Harborside Connecticut Limited Partnership, appeals from the judgment of dismissal rendered in favor of the defendant, Arlene Witte.[1] On appeal, the plaintiff claims that the trial court (1) misconstrued the allegations of the complaint as claims against the estate of William Witte (decedent),[2] thus depriving the court of subject matter jurisdiction, and (2) abused its discretion by failing to hold an evidentiary hearing to establish jurisdictional facts. We affirm the judgment of the trial court.

On November 17, 2014, the plaintiff served the defendant with a two count complaint, alleging conversion and unjust enrichment. The allegations of the complaint control our resolution of the plaintiff's claims on appeal. See *May* v. *Coffey*, 291 Conn. 106, 108, 967 A.2d 495 (2009) (in reviewing "trial court's decision to grant a motion to dismiss, we take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader" [internal quotation marks omitted]).

The complaint alleged, in relevant part, that the plaintiff is "a chronic care and convalescent facility" (nursing home) in Hamden. On or about August 31, 2013, the decedent was "readmitted" to the nursing home at which time the [p]laintiff provided him with room and board and "general nursing care and assistance with daily living activities" (services). The decedent remained in the nursing home from August 31, 2013 through April 4, 2014, the date of his death. The complaint also alleged that no probate estate had been opened for the decedent.

"Upon information and belief," the plaintiff alleged that the decedent had a long-term care policy of insurance (insurance policy) provided by John Hancock Insurance (insurer) that provided benefits for the services the plaintiff had provided to the decedent. In order for the insurance policy "to pay" benefits, the plaintiff had to provide services to the decedent and, thereafter, bill the insurer, after which "payment would be made and or sent to the defendant . . . ."[3] The plaintiff submitted an invoice to the insurer for services it had provided to the decedent from January 1, 2014 through March 31, 2014. "Upon information and belief," the insurer "issued payment to the defendant for [services] rendered by the plaintiff and she never forwarded the payment to the plaintiff for the period covering January 1, 2014 through March 31, 2014." The defendant "retained the payment or payments from the" insurer.

The complaint further alleged that in March, 2014, the defendant "issued a check in the amount of $34,200.00 to the plaintiff, in an attempt to pay for the care and services provided between January 1, 2014

through March 31, 2014." The plaintiff presented the defendant's check for payment, but its payment was refused due to insufficient funds. The plaintiff informed the defendant that her check had been returned and asked her to issue another check. The defendant failed to do so. The plaintiff further alleged that it provided services to the decedent, "which led to the issuance of the insurance" benefits under the insurance policy and that the benefits belonged to it or should have been in its possession.

On the basis of the foregoing allegations, the plaintiff alleged in count one that it had been damaged and that the defendant is liable for conversion of funds. In count two, the plaintiff alleged that it had rendered services to the decedent with the expectation that it would be paid for its services and that the insurer had paid benefits under the insurance policy. The defendant received the proceeds of the insurance policy and has been unjustly enriched in the amount of $34,200. The plaintiff alleged that it had been harmed.

In response to the complaint, the defendant filed a motion to dismiss, claiming that the court lacked subject matter jurisdiction over the plaintiff's claims because the complaint alleged a personal debt owed by the decedent for the services the plaintiff had provided him. The defendant claimed that original jurisdiction of claims against a decedent is in the Probate Court pursuant to General Statutes § 45a-98. The plaintiff objected to the motion to dismiss, arguing that its claims sounded in conversion and unjust enrichment and that the Probate Court is not empowered to adjudicate such claims. The trial court heard the parties' arguments at short calendar on April 13, 2015, and issued its decision granting the defendant's motion to dismiss on July 14, 2015.

In its thoughtful memorandum of decision, the court summarized the factual allegations of the plaintiff's complaint and discussed, in general, the relevant principles regarding the organization of the courts of this state. It noted that the Superior Court is a constitutional court of general jurisdiction; see *State* v. *Cruz*, 155 Conn. App. 644, 648, 110 A.3d 527 (2015); but that it does not have original jurisdiction over the estates of deceased persons. General Statutes § 51-164s provides in relevant part: "The Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. . . ." General Statutes § 45a-98[4] sets forth the general powers of the Probate Court, which include, among other things, jurisdiction over decedents' estates.

The court, thereafter, construed the allegations of the plaintiff's complaint, finding that the plaintiff had alleged that it had provided services to the decedent for which it has not been paid. Although the plaintiff

alleged that the defendant had received benefits under the insurance policy, it did not allege that the defendant was legally obligated to remit payment on behalf of the decedent. Significantly, the plaintiff's aggrievement, therefore, arises from its unpaid invoice for services it rendered to the decedent. The plaintiff provided those services pursuant to an arrangement between it and the decedent. Because payment of insurance benefits for the services provided by the plaintiff stems from a personal obligation of the decedent, the plaintiff must present its claim to the Probate Court. See *Matey* v. *Estate of Dember*, 256 Conn. 456, 477, 774 A.2d 113 (2001) ("[a] claim which is characterized as an existing obligation of the decedent and would be paid out of the estate as a whole falls within the statute and must be presented" [internal quotation marks omitted]).

The court also addressed the plaintiff's allegation that no estate had been opened on the decedent's behalf. The plaintiff argued that it could not present a claim to the fiduciary of an estate that did not exist. In response, the court reasoned that whether an estate had been opened did not change the nature of the plaintiff's claims, and that it is within the power of the plaintiff, as a creditor of the decedent, to petition the Probate Court to open an estate. See *Boucher Agency, Inc.* v. *Zimmer*, 160 Conn. 404, 408, 279 A.2d 540 (1971) (apply for appointment of fiduciary). Once appointed, the fiduciary is responsible for collecting estate assets to distribute to creditors and beneficiaries. See *Hall* v. *Meriden Trust & Safe Deposit Co.*, 103 Conn. 226, 231, 130 A.157 (1925). Moreover, the court stated, the fiduciary has the power, if necessary, "[t]o compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the estate . . . . General Statutes § 45a-234 (18)." (Internal quotation marks omitted.) If the plaintiff were to present a valid claim to the fiduciary of the decedent's estate, and if the fiduciary were to reject that claim, the plaintiff would then have a cause of action in the Superior Court. See General Statutes § 45a-363 (a) ("[n]o person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected, in whole or in part, as provided in section 45a-360").

In response to the plaintiff's argument that the Probate Court cannot adjudicate claims of conversion and unjust enrichment because it lacks jurisdiction over such claims, the court acknowledged that the Probate Court lacks jurisdiction over such claims, but stated that it has jurisdiction over the estates of deceased persons. Regardless of the fact that the plaintiff framed its claims against the defendant in terms of conversion and unjust enrichment, the title of a pleading is not controlling. *225 Associates* v. *Connecticut Housing Finance Authority*, 65 Conn. App. 112, 121, 782 A.2d 189 (2001). The plaintiff is seeking to recover a debt of

the decedent. The court concluded that if the defendant has been unjustly enriched or has converted moneys belonging to the decedent, the fiduciary of the decedent's estate, when appointed, is responsible for bringing claims against the defendant.

The court concluded that it lacked jurisdiction over claims stemming from a personal obligation of a deceased person and, therefore, granted the defendant's motion to dismiss. Thereafter, the plaintiff appealed.

I

The plaintiff's first claim is that the court erroneously construed the allegations of its complaint as claims against the estate of the decedent, rather than against the defendant, which deprived the court of subject matter jurisdiction. We disagree.

The standard of review of a ruling on a motion to dismiss is well established. Whether the trial court has subject matter jurisdiction is a question of law, and our review, therefore, is plenary. See *Hyllen-Davey* v. *Plan & Zoning Commission*, 57 Conn. App. 589, 592, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).

"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *O'Halloran* v. *Charlotte Hungerford Hospital*, 63 Conn. App. 460, 462, 776 A.2d 514 (2001).

"The interpretation of pleadings is always a question of law for the court. . . . In addition, [t]he allegations of the complaint must be given such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. . . . It is axiomatic that the parties are bound by their pleadings." (Citation omitted; internal quotation marks omitted.) Id., 463.

The substance of the plaintiff's claim is that it properly pleaded claims for conversion and unjust enrichment by alleging that the defendant retained the proceeds of insurance to which the plaintiff was rightly entitled. The plaintiff's claim is misguided, however, because the salient allegations of its complaint are that it had an agreement with the decedent to render services to him, it rendered the requested services, but the decedent has not paid for those services. Moreover, nowhere in its complaint did the plaintiff allege that the defendant was responsible, contractually or otherwise, for the debts of the decedent. We agree with the trial court that regardless of the labels the plaintiff attached

to its causes of action, it is the substance of the allegations that control the nature of the cause of action. See *225 Associates* v. *Connecticut Housing Finance Authority*, supra, 65 Conn. App. 121.[5]

As the court outlined in its memorandum of decision, the legislature has devised a comprehensive statutory scheme for the settlement of claims against a decedent's estate.[6] General Statutes § 45a-353 (d) defines a claim against a decedent as "all claims against a decedent (1) existing at the time of the decedent's death or (2) arising after the decedent's death, including, but not limited to, claims which are mature, unmatured, liquidated, unliquidated, contingent, founded in tort, or in the nature of exoneration, specific performance or replevin . . . ." "[E]very claim shall be presented to the fiduciary [of an estate] in writing." General Statutes § 45a-358 (a). "[T]he purpose of presenting claims in writing to the fiduciary of the estate is to give him or her notice of the claim in order to facilitate the speedy settlement of estates." *New England Retail Properties, Inc.* v. *Maturo*, 102 Conn. App. 476, 484, 925 A.2d 1151, cert. denied, 284 Conn. 912, 931 A.2d 932 (2007). Although the plaintiff alleges in paragraph 13 of its complaint that the insurance benefits belonged to it, the plaintiff did not allege that it was a beneficiary of the insurance policy. The issue of which party owns the proceeds of the insurance policy, however, is irrelevant to the payment of the debt. The remedy the plaintiff is seeking is the payment of a debt that is not in dispute. As a debt owed by the decedent, it is a claim against his estate, which must be presented to the fiduciary of the estate. If no estate has been opened, the plaintiff has the right to seek the assistance of the Probate Court to open one for the purpose of presenting its claim. See G. Wilhelm et al., Settlement of Estates in Connecticut (3d Ed. 2014) § 2:78.

For the foregoing reasons, the plaintiff cannot prevail on its claim that the trial court misconstrued its complaint and granted the defendant's motion to dismiss.

## II

The plaintiff's second claim is that the court abused its discretion by failing to conduct an evidentiary hearing to establish jurisdictional facts. We disagree.

The following additional facts are relevant to the plaintiff's claim. In its written objection to the defendant's motion to dismiss, the plaintiff asked the court to deny the motion to dismiss "or in the alternative, set this matter down for an evidentiary hearing, whereby witnesses can offer testimony and be cross-examined."[7] In its brief on appeal, the plaintiff argued that the court did not provide the parties with an opportunity to conduct discovery, present evidence, or cross-examine witnesses, even though the plaintiff had requested it.

"In any civil action . . . [d]iscovery shall be permit-

ted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure." (Internal quotation marks omitted.) *Standard Tallow Corporation* v. *Jowdy*, 190 Conn. 48, 57, 459 A.2d 503 (1983). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 833, 826 A.2d 1102 (2003).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to [Practice Book § 10-30] (a) (1) may encounter different situations, depending on the status of the record in the case. As summarized by a federal court discussing motions brought pursuant to the analogous federal rule, [Fed. R. Civ. P. 12 (b) (1)] [l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 650–51, 974 A.2d 669 (2009).

On appeal, the plaintiff argues that an evidentiary hearing would have provided an opportunity for it to present evidence as to the terms of the decedent's admission and readmission to the nursing home, "*which required the decedent to assign to the plaintiff the proceeds of any insurance available for health care services provided, and evidence as to its communications with* [*the insurer*]." (Emphasis added.) The shortcoming in the plaintiff's argument is that it was bound by the allegations of its complaint. As the trial court stated, the "plaintiff's aggrievement . . . is grounded in its unpaid invoice for services rendered" to the decedent and that there "is no dispute that anyone other than [the decedent] was legally obliged to pay for these services." Generally, a motion to dismiss admits all well pleaded facts; see *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002); unless the defendant submits proof to rebut the jurisdictional allegations. See, e.g., *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 422 n.17, 35 A.3d 188 (2012).

Although the plaintiff alleged that the decedent had an insurance policy issued by the insurer, the manner in which it submitted invoices to the insurer, and how it had been paid prior to January, 2014, those allegations

did not alter the basic nature of its claim, which is for a debt owed by the decedent. No discovery or hearing would change the character of the claim alleged. The plaintiff was bound by the allegations of its complaint. See *Seery* v. *Yale-New Haven Hospital*, 17 Conn. App. 532, 543, 554 A.2d 757 (1989). The decision before the court was a legal one. An evidentiary hearing, to develop facts, was not necessary.

On the basis of our plenary review of the complaint; see part I of this opinion; we conclude that the allegations of the complaint raise no question regarding jurisdictional facts and the court properly granted the motion to dismiss the plaintiff's causes of action on the basis of the complaint alone. See *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 348, 977 A.2d 636 (2009) (jurisdictional issue of sovereign immunity decided on basis of undisputed facts in record). The court, therefore, did not abuse its discretion by denying the plaintiff an opportunity for discovery or err by failing to hold an evidentiary hearing.

The judgment is affirmed.

In this opinion Prescott, J., concurred.

[1] Subsequent to the filing of this appeal, the trial court granted the motion to substitute Attorney Scott D. Rosenberg, conservator of the person and estate of Arlene Witte, as the party defendant. In this opinion, we refer to Arlene Witte as the defendant.

[2] William Witte is the late husband of the defendant.

[3] The precise language used by the plaintiff in its complaint is: "The plaintiff submitted an invoice for care and services between January 1, 2014 through March 31, 2014, to the long term care insurance policy. . . . Upon information and belief, the long term care policy issued payment to the defendant for care and services rendered by the plaintiff and she never forwarded the payment to the plaintiff for the period covering January 1, 2014 through March 31, 2014." We have rephrased the allegations to state what we believe to be the plaintiff's intent, i.e., the plaintiff submitted an invoice to the insurer for benefits due under the insurance policy and the insurer sent the defendant the benefits to which the decedent was entitled.

[4] General Statutes § 45a-98 provides in relevant part: "(a) Courts of probate in their respective districts shall have the power to (1) grant administration of intestate estates of persons who have died domiciled in their districts and of intestate estates of persons not domiciled in this state which may be granted as provided by section 45a-303; (2) admit wills to probate of persons who have died domiciled in their districts or of nondomiciliaries whose wills may be proved in their districts . . . (3) . . . determine title or rights of possession and use in and to any real, tangible or intangible property that constitutes, or may constitute, all or part of any trust, any decedent's estate, or any estate under control of a guardian or conservator, which trust or estate is otherwise subject to the jurisdiction of the Probate Court, including the rights and obligations of any beneficiary of the trust or estate . . . (4) . . . construe the meaning and effect of any will or trust agreement if a construction is required in connection with the administration or distribution of a trust or estate otherwise subject to the jurisdiction of the Probate Court . . . (5) . . . apply the doctrine of cy pres or approximation; (6) . . . call executors, administrators, trustees, guardians, conservators, persons appointed to sell the land of minors, and attorneys-in-fact acting under powers of attorney created in accordance with section 45a-562, to account concerning the estates entrusted to their charge; and (7) make any lawful orders or decrees to carry into effect the power and jurisdiction conferred upon them by the laws of this state.

"(b) The jurisdiction of courts of probate to determine title or rights or to construe instruments or to apply the doctrine of cy pres or approximation pursuant to subsection (a) of this section is concurrent with the jurisdiction

of the Superior Court and does not affect the power of the Superior Court as a court of general jurisdiction."

[5] At oral argument before us, the plaintiff argued that its unjust enrichment claim is predicated on its course of dealing with the defendant. As a matter of law, the factual allegations of the plaintiff's complaint fail to support such an argument.

[6] Chapter 802b Part VII of our General Statutes is entitled "Claims Against Decedents' Estates for Decedents Dying on or After October 1, 1987." It is the public policy of this state, as enacted by the legislature, that claims involving a decedent's estate be adjudicated in the Probate Court. "[T]he Probate Court, by virtue of its long-standing statutory authority, has exclusive subject matter jurisdiction over matters involving the validity of wills and the *settlement of estates*. General Statutes § [45a-98]." (Emphasis added.) *Dunham* v. *Dunham*, 204 Conn. 303, 328, 528 A.2d 1123 (1987), overruled in part on other grounds, *Santopietro* v. *New Haven*, 239 Conn. 207, 213 n.8, 682 A.2d 106 (1996). " 'Claim' means all claims against a decedent (1) existing at the time of the decedent's death . . . ." General Statutes § 45a-353 (d).

Parties to controversies involving the settlement of estates "are not permitted to delay the settlement of the estate by instituting civil actions in the courts of general jurisdiction to determine their rights. Public interest requires that so far as the determination of the controversies is necessary to the settlement of the estate, they should be determined in the Court of Probate as matters incidental to such settlement . . . ." *Slattery* v. *Woodin*, 90 Conn. 48, 50, 96 A. 178 (1915). Litigants should not be permitted to undermine legislative policy through "creative pleading."

[7] The plaintiff did not iterate its request for a hearing when it appeared before the court at short calendar to argue the motion to dismiss.